GREGORIO CUBERO ET UX., Plaintiffs and Appellants-Appellees, v. ROSA CHEVREMONT ET AL., Defendants and Appellees-Appellants.

No. 6208.   Argued May 11, 1934.—Decided June 14, 1935.

*Angel A. Vázquez* for appellants-appellees.   *L. Méndez Vas* for appellees-appellants.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiffs and the defendants herein appealed from the judgment of the lower court, but the plaintiffs later abandoned their appeal, and therefore we shall have to decide only that of the defendants.

Gregorio Cubero and his wife, María Domínguez, brought suit against the sisters Rosa and Cecilia Chevremont to annul a foreclosure proceeding which the latter had prosecuted against the plaintiffs to collect from them a mort-

gage that encumbered a property belonging to the plaintiff spouses. They alleged several grounds for declaring the nullity of the foreclosure proceeding, but the lower court sustained only one of them and, based thereon, decreed the nullity of the foreclosure proceeding in question, together with other pronouncements which it is not necessary to state at this time, in view of the opinion we have formed of this appeal.

That ground for nullity is that, in spite of the fact that in the initial petition in the mortgage foreclosure proceeding there was claimed only the payment of the principal sum due, the interest thereon, and a certain amount for costs, and that the formal demand for payment covered only those items, nevertheless, in the subsequent judgment or order decreeing the sale of the property, there was included the further sum of $841.34 for taxes on the property due to the Insular Treasury, which was not owed to the foreclosing creditors by Cubero.

In passing upon that ground set up by the plaintiffs and on which the lower court declared void the mortgage foreclosure proceeding, said court stated that those taxes were paid by the then plaintiffs after the proceeding was instituted and before the order of sale was made. After citing section 333 of the Political Code, the court said: "We do not doubt that the present defendants had a right to claim the amount they paid for taxes on said property, but they should have alleged it in the initial petition and thus the court would have had jurisdiction to include in the order of sale the amount paid for taxes."

The decision in regard to that ground for nullity was based on an erroneous finding of fact of the trial court. The foreclosing creditors Chevremont did not pay the taxes after the foreclosure proceeding was instituted and before the order of sale was made, since what appears from the record is that those taxes were paid by them some time after the

property was awarded to them at the auction sale in satisfaction of their mortgage, as the auction and award had taken place on June 27, 1929, and a part of the taxes were paid on August 27 of that year and another part in March, 1930. What happened was that when the court became aware, through the presentation of a revenue collector's certificate, that there was due on the property the sum of $841.34 to The People of Puerto Rico for delinquent taxes, the court, after ordering the sale of the property to pay to the foreclosing creditors the principal amount of their claim, the interest thereon, and the costs, said as follows: "In the notice to be published *(edicto)* advertising the auction the marshal shall take care to have set forth that on the property to be sold there is due to The People of Puerto Rico the sum of $841.34 which the successful bidder at the auction must pay . . . ." It was simply a notice to bidders that taxes were due on the property which the bidder would have to pay.

The court's error of fact having been shown, the conclusion that led it to declare the nullity of the mortgage foreclosure proceeding falls to the ground.

The conclusion we have reached makes it unnecessary to decide the other questions raised by the appellants.

The judgment appealed from must be reversed and another rendered instead for the defendants in the action for nullity brought by the plaintiffs, without special imposition of costs.